### BLACK v. ZEEKUS

Ohio Appeals, 8th Dist, Cuyahoga Co.

No 9838. Decided June 10, 1929

Maurer & Bolton, Cleveland, for Black.

Stephen M. Young, Esq., Cleveland, for Zeekus.

**VICKERY, PJ.**

Several errors are complained of as to why this judgment should be reversed, but the main one is that the plaintiff, who was twelve years old, was guilty of contributory negligence and was not entitled to recover; that inasmuch as the evidence shows that he looked south and not to the north, he was guilty of contributory negligence.

Now, of course, because the west side of the street was torn up, the plaintiff in error had the right to be on the east side of the street, but it really imposed a little higher degree of care, comparatively speaking, than would have been incumbent upon him had the traffic been coming the other way, because people, many who might be strangers to the situation, as this boy was, knowing that traffic would be on the right side of the street going south, had the right to rely on the fact that there would be no traffic coming from the north on the east side of the street. I say, that would impose a duty upon the driver of a vehicle to use the care commensurate with the added danger to pedestrians, or to those who alighted from streets cars; not that it makes a **higher** degree of care, but only ordinary care with relation to the circumstances under which he was driving and on which side of the street he was at the time.

Now the jury having had all this matter before it, having found a very meager verdict for the plaintiff, not at all out of proportion to the injuries that the record shows that he received, in fact it might cost nearly the entire verdict, if he gets it all, to replace the teeth that he lost through the collision, to say nothing of the bruises and pains that he may have suffered, to say nothing of the fact that two teeth are permanently gone by reason of the collision.

We think on the whole record, the case having been fairly submitted to the jury and the jury having found for the plaintiff below, that there is evidence which would warrant the verdict, and we do not think that there was any error in the record that would warrant us in disturbing it.

The judgment will, therefore, be affirmed.

Sullivan and Levine, JJ, concur.